IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

HILDA L. SOLIS, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,   : CIVIL ACTION No.: 3:10-cv-00331

Plaintiff,

v.

ROSEBUD MINING COMPANY,

Defendant.

## CONSENT JUDGMENT

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor ("the Secretary"), filed a Complaint in this civil action pursuant to the Federal Mine Safety and Health Act of 1977 ("the Act"), 30 U.S.C. § 801, et seq., alleging certain violations by Defendant Rosebud Mining Company ("Defendant").

The Secretary, through counsel, has engaged in settlement discussions with Defendant through its counsel. The parties have agreed to resolve this case without further litigation. Notwithstanding any answer and waiving further answer, Defendant consents to the entry of this Consent Judgment without contest.

1. The Secretary's Complaint alleges that Defendant violated Sections 103(a) and 108(a) of the Act, 30 U.S.C. §§ 813(a) and 818(a), by permitting advance notice of inspections by authorized representatives of the Secretary to be communicated from the surface operations to persons working underground at its Mine 78 mine on August 12, 2010, and at its Tracy Lynne mine on November 4, 2010.

2. For purposes of this Consent Judgment, Defendant agrees that this Court has jurisdiction over the subject matter of this action and over Defendant.

3. The Secretary has agreed to resolve all claims against Defendant for the following relief and this Court finds that the Secretary is entitled to such injunctive relief. It is therefore **ORDERED, ADJUDGED** and **DECREED** that:

For the period from the date of entry of this Judgment until December 31, 2011, Defendant, its officers, servants, and employees, shall be enjoined from giving advance notice in violation of Section 103 of the Federal Mine Safety and Health Act of 1977, 30 U.S.C. § 801, et seq. to any person working underground, of an inspection at Defendant's Mine 78 or Tracy Lynne mines by the Mine Safety and Health Administration, United States Department of Labor. Advance notice constitutes any means of communication including, but not limited to, the mine telephone or any other device and includes any use of signals or devices intended to give notice of an inspection. Notice may only be given when an inspector from the Federal Mine Safety and Health Administration specifically orders that such notice be given as an exception to the prohibition as provided for in the Act.

4. Defendant understands and agrees that entry of this Consent Judgment is without prejudice to the Secretary's right to investigate, redress and institute enforcement actions with respect to any future violations of the Act. It is further understood that this paragraph shall not constitute a waiver by Defendant of any defenses, legal or equitable, to any such future action.

5. The parties agree that Defendant is not hereby admitting or denying any liability by consenting to this Judgment and is entering into this agreement in order to settle

this matter without formal litigation.

6. Each party agrees to bear its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of the above-referenced proceeding including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, 5 U.S.C. § 504.

7. This Consent Judgment shall operate as a final disposition of all civil claims asserted by the Secretary against Defendant in the Complaint as well as any investigations related to the allegations in the Complaint.

8. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

9. This Court directs the entry of this Consent Judgment as a final order in the above-captioned matter.

Dated: May 17, 2011

JUDGE KIM R. GIBSON
United States District Court

[signatures continue on next page]

|  |  |
|---|---|
| Notwithstanding any answer and waiving further answer, Defendant Rosebud Mining Co. consents to the entry of this Consent Judgment: | Plaintiff moves for the entry of this Judgment:<br><br>M. Patricia Smith<br>Solicitor of Labor<br><br>Catherine Oliver Murphy<br>Regional Solicitor |
| MCGUIRE WOODS LLP | |
| By: /s/ Gordon W. Schmidt<br>Gordon W. Schmidt<br>PA ID # 21265<br>Matthew G. Mazefsky, Esquire<br>PA ID# 204905<br>625 Liberty Avenue<br>23rd Floor, EQT Plaza<br>Pittsburgh, PA 15222<br>gschmidt@mcguirewoods.com<br>mmazefsky@mcguirewoods.com<br>(412) 667-6000 (phone)<br>(412) 667-6050 (fax)<br><br>Attorneys for Defendant | By: /s/ John A. Nocito<br>John A. Nocito<br>PA ID# 87973<br>Office of the Solicitor<br>Suite 630E, The Curtis Center<br>170 S. Independence Mall West<br>Philadelphia, PA 19106<br>Nocito.John@dol.gov<br>(215) 861-5135 (phone)<br>(215) 861-5162 (fax)<br>U.S. DEPARTMENT OF LABOR<br><br>DAVID J. HICKTON<br>UNITED STATES ATTORNEY<br><br>By: /s/ Albert W. Schollaert<br>Assistant United States Attorney<br>PA ID# 23629<br>United States Attorney's Office<br>700 Grant Street, Suite 400<br>Pittsburgh, PA 15219<br>Albert.Schollaert@usdoj.gov<br>(412) 894-7416<br>(412) 644-6995 (fax)<br><br>Attorneys for Plaintiff |